```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JOEL RIVERA-DELGADO, | |
| Petitioner, | Civil No. 07-1383 (JAF) |
| v. | (Crim. No. 05-134 (HL)) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**OPINION AND ORDER**

Petitioner, Joel Rivera-Delgado, brings this pro-se petition for post-conviction relief from a federal judgment pursuant to 28 U.S.C. § 2255. Docket No. 1. Respondent, the United States of America, opposes. Docket No. 17.

**I.**

**Factual and Procedural History**

On May 11, 2005, Petitioner was charged with one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Case No. 05-134, Docket No. 40. The indictment alleged that the conspiracy lasted from about 1998 until May 2005. Id. Petitioner was personally charged with leading, organizing, and controlling this narcotics-trafficking conspiracy; using violence to enforce the conspiracy; and supervising the sale of drugs at several locations in Guayama and Arroyo, Puerto Rico. Id. at 3.

Petitioner moved for a change of plea on November 9, 2005, with assistance of counsel. Case No. 05-134, Docket No. 101. On

Civil No. 07-1383 (JAF)                                                    -2-

1   January 19, 2006, Petitioner signed a waiver of his right to trial by
2   jury. Case No. 05-134, Docket No. 162.

3        On January 19, 2006, pursuant to a plea agreement, Petitioner
4   pled guilty to conspiracy to distribute between fifty and 150 grams
5   of crack. Case No. 05-134, Docket No. 164. Under the agreement,
6   Petitioner and the government agreed that Petitioner's base offense
7   level would be set at thirty-two, reduced by three for his acceptance
8   of responsibility, and increased by three for his significant role in
9   the conspiracy, resulting in an adjusted level of thirty-two. Id.
10  The consequent recommended term of imprisonment was from 121 to 151
11  months. Id.

12       On May 26, 2006, Judge Héctor Laffitte sentenced Petitioner to
13  imprisonment for 132 months with credit for time served, supervised
14  release for five years, and a $100 assessment, and entered judgment
15  against Petitioner. Case No. 05-134, Docket No. 220. On May 4, 2007,
16  Petitioner moved to vacate his judgment under 28 U.S.C. § 2255 on the
17  grounds that his counsel was ineffective, that the waiver of his
18  right to appeal was unknowing, and that recent legal developments
19  entitle him to a lesser penalty. Docket No. 1. The government opposed
20  on October 31, 2008. Docket No. 17.

21       On November 28, 2008, we held an evidentiary hearing, per Rule
22  8 of the Rules Governing Section 2255 Proceedings, on Petitioner's
23  plea colloquy on January 19, 2006. Docket No. 24. In the course of
24  this hearing, we discovered evidence that Petitioner may be entitled
25  to a reduced sentence in light of recent amendments to the U.S.
26  Sentencing Commission Guidelines. Id.

## II.

### Standard Under Section 2255

A federal district court has jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner challenging the imposition or length of his sentence may seek relief. The petitioner may argue that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a). Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

## III.

### Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Ayala Serrano v. Lebrón González, 909 F.2d 8, 15 (1st Cir. 1990). However, Petitioner's pro-se status does not insulate him from the strictures of procedural and

substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

**A.   Waiver of Appeal**

Petitioner claims that his waiver of his right to appeal was unknowing. Docket No. 1. Federal Rule of Criminal Procedure 11(b) guards against coerced pleas by requiring the court to engage in an extensive colloquy to ascertain a defendant's voluntariness and awareness of his rights. While a guilty plea must be knowing, voluntary, and intelligent, if a court has accepted a defendant's plea per Rule 11, the defendant cannot go back on his own word by petitioning under § 2255. United States v. Sánchez-Barreto, 93 F.3d 17, 23 (1st Cir. 1996).

The court discussed Petitioner's rights at length during his plea colloquy. Docket No. 12. Petitioner represented that his plea was both knowing and voluntary, and that he was consciously waiving his right to appeal the length of his prison term. Id. The plea agreement clearly spells out Petitioner's potential maximum liability under the offense and his waiver of the right to appeal his sentence. Case No. 05-134, Docket No. 164. This case essentially turns on a swearing contest between Petitioner's assertions in this petition and his previous sworn affirmations to this court. See Sánchez-Barreto, 93 F.3d at 23; see also Peguero v. United States, 526 U.S. 23, 29-30 (1999) (denying § 2255 relief due to petitioner's knowledge of his right to appeal). We, therefore, deny Petitioner's claim on the issue of waiver of appeal.

**B.   Ineffective Assistance of Counsel**

Petitioner argues that his sentence is unconstitutionally tainted by ineffective assistance of counsel, to wit, (1) that counsel failed to obtain the best possible plea agreement, (2) that his plea was not fully knowing as he was unaware of possible sentencing enhancements, (3) that his lawyer failed to file a timely objection to the pre-sentence investigation report, and (4) that counsel failed to file a direct appeal. Docket No. 1.

To establish ineffective assistance of counsel, Petitioner must show both that his attorney's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). To demonstrate deficient performance, Petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). As to prejudice in guilty pleas, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, Petitioner does not allege that he would not have pled guilty and would have insisted on a jury trial, but for his lawyer's intercession. See Docket No. 1. Accordingly, Petitioner fails to show sufficient prejudice for ineffective assistance as to the first two claims relating to his guilty plea. See Hill, 474 U.S. at 59. Second, Petitioner does not point to any portion of the pre-sentence investigation report that should have prompted counsel to object, see

Docket No. 1, and, thus, fails to show prejudice, see Strickland, 466 U.S. at 686-96. Third, Petitioner's waiver of his right to appeal, supra, forecloses the claim that counsel neglected to file an appeal.

**C.     Remedy for Crack Cocaine Disparity**

At the hearing, Petitioner urged us to reconsider his judgment in light of recent developments in sentencing for crack-related offenses. Docket No. 1. Pursuant to an administrative directive dated February 15, 2008, the District of Puerto Rico retrospectively reforms federal sentences, sua sponte, to effect recent amendments to the U.S. Sentencing Commission Guidelines pertaining to crack-related offenses. Misc. No. 08-31, Docket No. 1. As Petitioner admitted responsibility for over fifty grams of crack, Docket No. 12, Petitioner's base offense level under the amended guidelines is thirty, a reduction of two points from the previous version of the guidelines. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (2008). Based on Petitioner's criminal history category at one, Case No. 05-134, Docket No. 202, the guideline sentencing range should be from 97 to 121 months' imprisonment, see Sentencing Guidelines (Sentencing Table). As the mandatory statutory minimum sentence for crimes involving fifty or more grams of crack is 120 months, 21 U.S.C. § 841(b)(1)(A)(iii), the effective sentencing range is 120 to 121 months. Pursuant to 18 U.S.C. § 3582(c)(2), we reduced Petitioner's sentence by eleven months, to 121 months' imprisonment. See Case No. 05-134, Docket No. 266.

Civil No. 07-1383 (JAF)                                                      -7-

**IV.**

**Conclusion**

For the foregoing reasons, we **DENY** § 2255 relief. However, the court notes that, previously, we reduced Petitioner's term of imprisonment to 121 months. See Case No. 05-134, Docket No. 266. As of today, that part of Petitioner's request is moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of February, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge